### VICTORY *v.* FORAN.

*(Superior Court of New York City, General Term.* February, 1889.)

1. APPEAL—REVIEW—MATTER NOT APPARENT OF RECORD.
   An order denying a motion for a new trial will not be reviewed unless it has been formally entered, and appears in the printed case.
2. LANDLORD AND TENANT—DANGEROUS PREMISES.
   In an action by a tenant against a landlord to recover for injuries received from falling down a stairway on the leased premises, where plaintiff shows that the fall was occasioned, while she was descending the stairway, by her dress catching on a nail in one of the steps, and that the agent of defendant had notice of the condition of the stairway, it is not error to refuse to dismiss the complaint.

Appeal from trial term.

Action by Catherine Victory against Bridget Foran, to recover for injuries received by falling down a stairway in defendant's house. Plaintiff was a tenant of the defendant, and, while descending the stairway, her dress caught on a nail protruding from one of the steps, and she was thrown to the bottom. The defendant's agent had notice of the condition of the stairway. Judgment was given for plaintiff in the sum of $1,500, and costs, and defendant appeals.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*G. H. & F. L. Crawford,* for appellant. *James A. O'Gorman* and *Christopher Fine,* for respondent.

TRUAX, J. Although the notice of appeal states that the defendant appeals from the judgment and from the order refusing to grant a new trial, made after the verdict was rendered, yet the case does not contain any such order. We have frequently held that we will not review on appeal an order denying a motion for a new trial, unless that order shall have been formally entered and appear in the printed case. There was no error in the way the case was presented to the jury. In fact, there are but two exceptions in the case,—one on the admission of testimony; the other on the refusal to dismiss the complaint. The first exception was not referred to by the appellant on the argument. It was not well taken, because the testimony that the question brought forth tended to show in a proper way the defendant's negligence. Nor was it error to refuse to dismiss the complaint. There was evidence that would warrant the jury in finding that the plaintiff was injured, without neg-

ligence on her part, through the negligence of the defendant. While the damages seem to be quite large, we cannot say that they are so large that the jury must have been influenced by prejudice or passion in awarding them. Judgment affirmed, with costs to the respondent.